IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Total90, LLC<br>*Plaintiff,*<br>v.<br>Nike, Inc.<br>*Defendants.* | CIVIL ACTION NO. 25-2325<br>JURY TRIAL REQUESTED<br>SECTION:<br>JUDGE:<br>MAGISTRATE: |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, Total90, LLC, for its causes of action against Defendant, Nike, Inc., alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed over the past few years in its distinctive TOTAL90® word mark and logo. Plaintiff's federally-registered trademark has gained a reputation as being a source of high-quality clothing and software.

2. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendant's actions. Defendant has used and continues to use its TOTAL 90 word mark and logo, which is confusingly similar to Plaintiff's TOTAL90® word mark and logo, to sell competing goods to many of the same consumers served by Plaintiff. Unless

1

Defendant is enjoined from using its TOTAL 90 mark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff. Defendant's actions have caused reverse confusion[1], where consumers mistakenly believe that Plaintiff's TOTAL90® brand is affiliated with or authorized by Nike, thereby eroding Plaintiff's distinct identity and goodwill.

3. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4. This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This action also includes claims under Louisiana law for trademark infringement and unfair competition and a claim of violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1405, et seq.

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

---

[1] Unlike traditional "forward" confusion cases, this action arises from "reverse confusion," where a larger, dominant company saturates the market with a mark confusingly similar to that of a smaller, senior user, causing consumers to mistakenly believe the smaller company's goods originate from or are authorized by the larger one. This doctrine is well recognized under federal trademark law. *See* **Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.**, 408 F. Supp. 1219 (D. Colo. 1976), *aff'd*, 561 F.2d 1365 (10th Cir. 1977).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant. Defendant's acts of infringement of Plaintiff's registered mark were committed in the Eastern District of Louisiana, New Orleans, Louisiana, within the jurisdiction of this Court. Defendant has advertised its goods under the infringing mark in this state and has transacted business by delivering goods to Louisiana ports, selling its goods to retail stores which offer the infringing good to the public, and delivering goods directly to consumers within this state with the infringing mark. Defendant has engaged in substantial activity within Louisiana, and this judicial district and has had substantial contacts there, having purposefully availed itself of the privilege of conducting activities in the forum. Defendant has caused injury to Plaintiff within Louisiana and within this judicial district. This Court also has personal jurisdiction under Louisiana's Long-Arm Statute, La. R.S. 13:3201, because Defendant has purposefully directed commercial activities toward Louisiana, causing harm to a Louisiana company within this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant may be found or transacts business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

## PARTIES

9. Plaintiff, Total90, LLC is a limited liability company duly organized and existing under the laws of the State of Louisiana, having an office and place of business at 6320 Waldo Drive

New Orleans, LA 70122.

10. Upon information and belief, Defendant Nike, Inc. is a corporation organized and existing under the laws of the State of Oregon, having an office and place of business at One Bowerman Drive Beaverton, OR 97005.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

11. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–10 inclusive, as though fully set forth.

12. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

13. Plaintiff has sold shoes, hats, jerseys, shirts, pants, soccer balls, and jackets in United States commerce under the Total90 mark since February 24, 2022. Previous to that, Plaintiff developed a soccer application, which work started on July 16, 2019. It has used the TOTAL90® mark continuously in United States commerce since that time.

14. Plaintiff is the owner of two federal trademark registrations. The first mark is Reg. No. 7516774, which issued on September 24, 2024 on the principal register of the United States Patent and Trademark Office. This registration for the TOTAL90® mark covers 025 primary class (international) and 022 and 039 U.S. classes of goods including: Caps being headwear;

4

Hats; Footwear; Clothing jerseys; Pants; Raincoats; Rainwear; Sandals; Shirts; Shoes; Shorts; Socks; Sweatshirts; T-shirts; Visors and headwear; Soccer bibs; Pinnies in the nature of scrimmage vests for use in sports. A true copy of this registration is attached as Plaintiff's Exhibit A. The registration is valid and subsisting and has never been cancelled.

15. The second mark is Reg. No. 7496089, which issued on September 3, 2024 on the principal register of the United States Patent and Trademark Office and is a service mark. This registration for the TOTAL90® mark covers 041 primary class (international) and 100, 101, and 107 U.S. classes of goods including: Entertainment services in the nature of fantasy soccer leagues; Entertainment services, namely, providing a website for participating in an online fantasy soccer league; Providing a website featuring information in the field of professional soccer and fantasy soccer, namely, player and team statistics, player and team rankings, player and team news, advice on selecting players for a fantasy team, general fantasy soccer tips, and professional soccer news and analysis; On-line journals, namely, blogs featuring articles about professional soccer and fantasy soccer; Educational services, namely, conducting online seminars in the field of soccer; Entertainment services, namely, providing podcasts in the fields of professional soccer and fantasy soccer. A true copy of this registration is attached as Plaintiff's Exhibit B. The registration is valid and subsisting and has never been cancelled.

16. Plaintiff's goods are sold under the TOTAL90® mark through in person and online sales on its website, https://www.total90.com. Plaintiff has advertised its clothing line in the Louisiana Fire Heatwave Herald as well as on the Footy Fetish Podcast. Plaintiff sponsors soccer leagues

in New Orleans, the LSU Men's Club Soccer in Baton Rouge, Cebolaria Football Club in Rio De Janeiro, Brazil, and Brexit FC Intramural Team at Boston College. TOTAL90® clothing and soccer balls have been featured in Louisiana Fire Heatwave Herald publication, and are active on social media.

17. Plaintiff has invested substantial time, effort, and financial resources promoting its TOTAL90® mark in connection with the marketing and sale of its goods in interstate commerce. The TOTAL90® mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill. The consuming public recognizes the TOTAL90® trademark and associates it with Plaintiff.

18. Plaintiff's TOTAL90® mark is inherently distinctive as applied to Plaintiff's goods that bear the mark.

19. Notwithstanding Plaintiff's established rights in the trademark TOTAL90®, upon information and belief, Defendant used the confusingly similar trademark TOTAL 90 in interstate commerce in connection with the sale and offering for sale of shoes on approximately March 1, 2025.

20. Defendant had filed an application for trademark registration at the United States Patent and Trademark Office for the TOTAL 90 trademark, Serial No. 85012213. Defendant's TOTAL 90 mark was cancelled on April 19, 2019. Defendant abandoned this mark.

21. Defendant sells its shoes and clothing at some of the same trade channels including online and in retail stores. It also owns the nike.com domain name and sells its shoes and clothing at the website connected to that domain name. It has advertised its goods under the infringing trademark on social media sites and apps and in advertising media e.g., magazines, websites, and social media. Defendant's overwhelming market presence and marketing power have caused reverse confusion, where consumers believe Plaintiff's TOTAL90® mark and brand is affiliated with Defendant, thus diminishing the value of Plaintiff's registered mark.

22. Plaintiff's registered trademark is depicted below (see Exhibit A for a true copy of the registration):

# TOTAL90

23. Defendant's trademark as it appears in Defendant's application for trademark registration is depicted below:

# TOTAL 90

24. Defendant's trademark as it appears on its goods and advertising is depicted below:



25. Without Plaintiff's consent, Defendant has used and continues to use the infringing TOTAL 90 mark and logo in connection with the sale, offering for sale, distribution, or advertising of its goods.

26. Defendant has engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the TOTAL90® mark.

27. Defendant's actions are likely to mislead the public into concluding that its goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Plaintiff has no control over the quality of goods sold by Defendant and because of the source confusion caused by Defendant, Plaintiff has lost control over its valuable goodwill.

28. Upon information and belief, Defendant has advertised and offered its goods for sale using the Total 90 mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and goodwill. Defendant's use of its TOTAL 90 mark constitutes willful, deliberate, and intentional trademark infringement.

29. Plaintiff has requested in writing that Defendant cease and desist from its infringing actions, but Defendant has not responded to these requests and has failed to comply with them. Plaintiff's letters to Defendant are attached as Plaintiff's Exhibits C and D. Plaintiff and Defendant were communicating and trying to come to a resolution until these negotiations reached a dead end on or around October 10, 2025.

30. Defendant's unauthorized use of the TOTAL 90 mark and logo in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

31. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

32. Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

33. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–31 inclusive, as though fully set forth.

34. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendant's unauthorized marketing and sale of its products in interstate commerce using its TOTAL 90 mark and logo constitute a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Plaintiff and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

36. Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

37. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

38. Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law. Defendant's conduct also constitutes reverse confusion and dilution under 15 U.S.C. § 1125(a), as Nike's commercial dominance and advertising have overwhelmed Plaintiff's smaller mark, causing consumers to associate Plaintiff's products with Defendant.

### COUNT III

### VIOLATION OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

39. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–37 inclusive, as though fully set forth.

40. As its third ground for relief, Plaintiff alleges violation of the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. 51:1405, et seq.

41. Defendant's conduct constitutes unfair methods of competition and deceptive acts in trade or commerce, in violation of La. R.S. 51:1405(A) by reintroducing and marketing its abandoned TOTAL90 mark after Plaintiff lawfully registered and invested in the same mark, Defendant engaged in willful and oppressive conduct substantially injurious to Plaintiff. Defendant's acts were unethical, deceptive, and intended to confuse consumers and suppress Plaintiff's market presence. Defendant's conduct was knowing and willful, entitling Plaintiff to attorney's fees and treble damages pursuant to La. R.S. 51:1409(A).

## COUNT IV

## LOUISIANA TRADEMARK INFRINGEMENT

**42.** Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–40 inclusive, as though fully set forth.

**43.** As its fourth ground for relief, Plaintiff alleges trademark infringement under Louisiana law, La. R.S. 51:222.

**44.** Defendant's actions constitute a violation of La. R.S. 51:222 by reproducing goods with Plaintiff's mark, TOTAL90®, and advertising and offering for sale goods likely to cause confusion with Plaintiff's mark. Plaintiff has no adequate remedy at law for the damages caused thereby. Defendant acted with knowledge that its use of the TOTAL 90 mark was likely to cause confusion, given its prior ownership and abandonment of the same mark and Plaintiff's subsequent registration. Plaintiff is therefore entitled to damages, profits, and attorney's fees under La. R.S. 51:222(B).

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, and pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116(a), Plaintiff also seeks a Temporary Restraining Order and Preliminary Injunction enjoining Defendant's ongoing use of the infringing TOTAL 90 mark pending final adjudication. Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's registered TOTAL90® trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

B. Entering a judgment that Defendant's use of its TOTAL 90 trademark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendant's use of its TOTAL 90 trademark violates the Louisiana Unfair Trade Practices and Consumer Protection Act in violation of La. R.S. 51:1405, et. seq.;

D. Entering a judgment that Defendant's use of its TOTAL 90 trademark constitutes trademark infringement and unfair competition under Louisiana law;

E. Permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the trademark TOTAL 90, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's TOTAL90® mark;

F. Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

13

G. Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

H. Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its TOTAL 90 mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Plaintiff's mark, including, but not limited to, Serial No. 85012213, or ordering cancellation of any such registrations previously granted to Defendant;

J. Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

K. Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

L. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, and Louisiana law; and

M. Granting Plaintiff such other and further relief as the Court may deem just.

N. Awarding Plaintiff pre- and post-judgment interest, punitive damages as permitted by Louisiana law, and such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: ~~October~~ November 14, 2025

RESPECTFULLY SUBMITTED:

Quantum Counsel, LLC
Jarred P. Bradley, Esq. #33460 Louisiana Texas Bar #24108754
W. Jared Vincent #27695 Louisiana
143 Metairie Heights Ave, Metairie, LA 70001
(504) 875-1015 Cell | (504) 389-4540 Fax
jpb@thequantumcounsel.com
wjv@thequantumcounsel.com

## VERIFICATION

I, **Hugh Bartlett**, Managing Member of **Total90, LLC**, being duly sworn, depose and say that I have read the foregoing Verified Complaint, know the contents thereof, and that the same are true and correct to the best of my knowledge, information, and belief.

*Hugh Bartlett*

**Hugh Bartlett**

Managing Member, Total90, LLC

**SWORN TO AND SUBSCRIBED** before me this 14th day of **November 2025**, at **New Orleans, Louisiana.**

Notary Public

**Jarred P. Bradley**

Commission No.: 90993, Louisiana statewide

My Commission Expires: at death