UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOTAL90, LLC                                    CIVIL ACTION

VERSUS                                          NO.  25-2325

NIKE, INC.                                      SECTION:  "D" (3)

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Take Expedited Depositions (R. Doc. 27).  Defendant opposes the motion.  For the following reasons, the motion is denied.

**I.    Background**

Plaintiff seeks to depose two Nike officers (Nuno Silva[1] and Agra Diapari[2]) relative to alleged trademark infringement in anticipation of a preliminary injunction hearing set for January 8, 2026.[3] The trademarks relate to Nike's registration of "TOTAL 90" and Plaintiff's registration of "TOTAL90."  To make the single-space difference clearer, the Court will use all-capitalization when referring to Nike's trademark.

Relevant to the instant motion,[4] Nike launched the Air Zoom TOTAL 90 I football (i.e., soccer) shoe in 2000. In doing so, it began using the TOTAL 90

---

[1] Vice President and General Manager of Nike Soccer North America.  R. Doc. 4-1, ¶ 2.

[2] Global Senior Director of Nike Sportswear Icons Footwear Product Management Lead. R. Doc. 4-2, ¶ 2.

[3] R. Doc. 27 at 1.

[4] A full recitation of background information is available in the District Court's Order and Reasons denying Plaintiff's Motion for Temporary Restraining Order. R. Doc. 21.

1

trademark. Several generations of TOTAL 90 footwear, equipment, and attire followed.[5] Although Nike permitted its U.S. registration for TOTAL 90 to lapse in 2019, Nike maintains that it retained common law rights in the mark by continuing to use TOTAL 90 in commerce.[6]

Plaintiff registered a trademark for Total90 in February 2022.[7] Plaintiff maintains that it has sold footwear, equipment, and attire under that trademark since February 24, 2022.[8]

In December 2024, Plaintiff contacted Nike and asserted its trademark rights.[9] Over the following months, Plaintiff continued seeking payment from Nike.[10] When those efforts were unsuccessful, Plaintiff filed this lawsuit on November 14, 2025.[11] That same day, Plaintiff filed a motion jointly requesting a temporary restraining order and preliminary injunction.[12] Nike filed an opposition to the request for a temporary restraining order on November 17, 2025, to which Nike attached declarations by Silva and Diapari.[13]

The District Court held a status conference on November 18, 2025. During the conference, the Court set the submission date for the temporary restraining order for

---

[5] *See* R. Doc. 4 at 5–7.
[6] R. Doc. 4 at 7.
[7] R. Doc. 21 at 1.
[8] R. Doc. 1, ¶ 13.
[9] R. Doc. 4-3, ¶ 12.
[10] R. Docs. 4-7 at 3, 11, 4-4, 4-8, 4-9.
[11] R. Doc. 1.
[12] R. Doc. 2.
[13] R. Doc. 4.

November 19.[14]  The District Court simultaneously set an evidentiary hearing and oral argument on the request for a preliminary injunction for January 8, 2026.[15]  The District Court's order does not address discovery.

On November 26, 2026, the District Court issued an Order and Reasons denying the request for a temporary restraining order.[16] The District Court concluded that Plaintiff did not establish a substantial likelihood of success on the merits of its claim nor a substantial threat of irreparable harm.[17] On December 10, 2025,[18] Plaintiff filed the instant motion, seeking to depose Silva and Diapari in anticipation of the January 8, 2026 hearing.[19] That same day, the undersigned granted Plaintiff's request for expedited consideration and set the submission date as December 18, 2025.[20]

## II.    Analysis

Federal Rule of Civil Procedure 26(d)(1) permits discovery before a Rule 26(f) conference only when authorized by court order. "The burden of showing good cause is on the party seeking expedited discovery." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (Hacker, M.J.).  Relevant factors include the "breadth of the discovery requests, the purpose for requesting expedited

---

[14] R. Doc. 9.
[15] R. Doc. 9.
[16] R. Doc. 21.
[17] R. Doc. 21 at 11.
[18] A deficient version of the motion was submitted on December 8, 2025, but that version is not operative.
[19] R. Doc. 27.
[20] R. Docs. 25, 26.

discovery, the burden on the defendants to comply with the requests and how far in advance of the typical discovery process the request was made." *Id.* at 240 n.4. Ultimately, courts must balance the need for expedited discovery against the prejudice to the opposing party. *See id.* at 239–40 (quotation omitted).

The timing of Plaintiff's motion and resulting burden on Nike weigh strongly against permitting expedited discovery. When the District Court set the hearing date, the parties had 50 full calendar days[21] to prepare for the hearing. There is no indication that Plaintiff raised before the District Court its intent to depose Nike's declarants. By the time Plaintiff filed its motion for expedited discovery, the available time for discovery had dwindled to 28 full calendar days.[22] Plaintiff has provided no explanation for its delay in raising its request for depositions.

Expedited briefing became complete on December 18, 2025, and this ruling is being issued on that same submission date. Even now, however, only 12 workdays[23] (i.e., weekdays other than federal holidays) remain until the hearing. Importantly, this 12-workday-period rests on the quixotic assumption that everyone, including the two witnesses, can make themselves available immediately to work New Year's Eve, Christmas Eve, and for the remaining days of Hanukkah *and* that depositions could begin tomorrow. Compelling these depositions to proceed on this schedule would impose significant and undue prejudice on Nike.

---

[21] November 19, 2025, through January 7, 2026.
[22] December 11, 2025, through January 7, 2026.
[23] December 19, 22–24, 26, and 29–31, 2025, and January 2 and 5–6, 2026.

Moreover, the breadth of the discovery requests is disproportionate to their purpose and the nature of the preliminary injunction hearing. Plaintiff's proposed deposition topics resemble those included in a Rule 30(b)(6) notice (e.g., "Internal Plans, Intent, and Corporate Classification of the Total 90 Brand").[24] As the litigation advances, the parties may litigate whether these topics are appropriate in the context of a Rule 30(b)(6) deposition. Plaintiff has not shown that the deposition topics, however, are tailored and proportionate to the upcoming hearing.

Finally, the majority of Plaintiff's argument and evidence appears for the first time in its reply memorandum. Plaintiff's initial supporting memorandum[25] contains only four paragraphs of substantive argument—and no citations to caselaw. Plaintiff's reply consists of 18 pages of argument,[26] much of which is directed to substantive issues underlying the motion for preliminary injunction, and 35 pages of exhibits. Analyzing the scope of discovery requires consideration of substantive issues, but the Court will not consider new arguments and evidence omitted from Plaintiff's initial motion. Allowing these untimely submissions would be particularly prejudicial given that the Court is considering the motion on an expedited basis (at Plaintiff's request).

---

[24] R. Doc. 27-1 at 2.
[25] R. Doc. 27-1.
[26] The Court did not grant leave to exceed the page limit for reply memoranda, but this issue is moot.

### III.    Conclusion

Plaintiff's motion falls far short of establishing good cause for expedited discovery.  Accordingly,

**IT IS ORDERED** that the Motion (R. Doc. 27) is **DENIED.** New Orleans, Louisiana, this 18th day of December, 2025.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE